IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH a/k/a<br>GNANACHANDRA M. CHINNIAH<br>and SUGANTHINI CHINNIAH,<br>　　　　Plaintiffs | : CIVIL ACTION NO:<br>:<br>: 1:15-cv-2240<br>: Kane/KM<br>: |
| v. | : |
| EAST PENNSBORO TOWNSHIP<br>JEFFREY S. SHULTZ, KAREN DUNKLE,<br>JAMES HERZLER, JOHN KUNTZELMAN,<br>CHRISTOPHER UNDERHILL, LAW OFFICES<br>OF HARTMAN UNDERHILL & BRUBAKER,<br>JOSHUA AUTRY, JEFFREY CONRAD, LAW<br>OFFICES OF CLYMER MUSSER & CONRAD,<br>CUMBERLAND COUNTY TAX CLAIM<br>BUREAU, and CUMBERLAND COUNTY<br>HOUSING REDEVELOPMENT AUTHORITY<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
NOV 2 3 2015
MARIA E. ELKINS, CLERK
Per_____

## COMPLAINT

AND NOW, come the Plaintiffs, Gnana and Suganthini Chinniah, and, in support of their Complaint against the Defendants, aver as follows:

## INTRODUCTORY STATEMENT

This is a civil rights complaint, primarily under 42 U.S.C. § 1983 raising claims under the First and Fourteenth Amendments for interference with access to the courts, retaliation, and discrimination. The complaint has its origins in a prior lawsuit filed by the Plaintiffs against some of these Defendants at No. 08-CV-1330, which was a claim for discrimination and for due process violations against the Plaintiffs in their efforts to develop rental properties in East Pennsboro Township, Cumberland County, Pennsylvania. In connection with that action, a

former East Pennsboro Township Police Chief told the Plaintiffs that they were being subjected to a pattern of discrimination in the Township against minority residents, property owners, and developers stemming from a long-standing prejudice in favor of the historically "white." i.e., racially, ethnically, and religiously non-diverse, demographics of the Township.

Plaintiffs allege that some of these Defendants, including their lawyer in the prior action, which is still pending on appeal in the Third Circuit Court of Appeals, combined to interfere with, and cut-off their access to this Court in their prior action, despite overwhelming evidence to support their claims in that action, and that, through a combination of those Defendants, and other Defendant officials in East Pennsboro Township, the prior discriminatory actions against them have been perpetuated, i.e., they continue to be subjected to the same discriminatory practices of which they complained in 08-CV-1338, and, as a continuation of these discriminatory practices against minority (Indian/Hindu) residents of the Township, and in retaliation for their prior actions.

The present violations and claims for relief are based upon: 1) the continuation of the prior discriminatory acts and practices as it related to the Plaintiffs' attempts to develop rental properties owned in the Township, 2) the interference with their access to this Court in their prior lawsuit, 3) a discriminatory and retaliatory reassessment of the value of their property by the Cumberland County Tax Claim Bureau, 4) the obstruction and interference with their rights under the law in connection with rental properties owned by Plaintiffs by the Cumberland County Housing Redevelopment Authority, 5) the condemnation of one of their rental properties in August, 2015.

This complaint also involves state law claims against their prior attorneys for professional intentional misconduct and neglect in the handling of their prior lawsuit, and for abuse of process, and defamation in connection with those matters.

Plaintiffs more specifically set forth their claims as follows:

1. The Plaintiffs are Gnana M. and Suganthini Chinniah, married adult individuals, and residents of East Pennsboro Township, Cumberland County, Pennsylvania.

2. The Defendant, East Pennsboro Township is a Pennsylvania municipal corporation.

3. The Defendant, Jeffrey Schultz is employed by the Defendant East Pennsboro Township as Building Inspector and Code Enforcement Officer.

4. The Defendant, Karen Dunkle is employed by the Defendant East Pennsboro Township as Health and Code Enforcement Officer

5. The Defendant James Hertzler was the former Township Commissioner of East Pennsboro Township and Current County Commissioner of Cumberland County, Pennsylvania.

6. The Defendant John Kuntzelman is the Current Township Commissioner of East Pennsboro Township and is the Vice President of Central Pennsylvania Township Commissioners.

7. The Defendant Christopher Underhill is a lawyer for Defendants East Pennsboro Township, Schultz, Dunkleand several other employees and represented the Defendants in federal civil action at No. 08-CV-1330 in this Court. This action forms the basis of the acts of retaliation to which the Plaintiffs have been subjected since its filing, and through the present.

8. The Defendant Joshua Autry is the former lawyer for the Plaintiffs who represented them, at times, in the above-referenced lawsuit.

9. The Defendant Jeffrey Conrad is a lawyer and a partner of the Law Offices of Clymer Musser and Conrad, P.C. that employed Defendant Joshua Autry during above referenced lawsuit.

10. Defendant Law Offices of Clymer Musser and Conrad, P.C. is a based in Lancaster Pennsylvania was retained by the Plaintiffs to represent them in the above referenced lawsuit.

11. The Defendant Cumberland County Tax Claim Bureau is a county taxing authority located at One Court House Square, Carlisle, Pennsylvania.

12. The Defendant Cumberland County Housing and Redevelopment Authority is a public housing agency located at 114 N. Hanover Street in Carlisle, Pennsylvania

13. This action is brought pursuant to 42 U.S.C. 1983, as it is for discrimination, retaliation, due process, and other violations under color of law against the Plaintiffs for engaging in activities protected by the First Amendment, and jurisdiction in this court is proper pursuant to 28 U.S.C. 1331 and 1343. The Complaint also includes claims under Pennsylvania state law, and jurisdiction is proper pursuant to 28 U.S.C. 1367.

14. Plaintiffs filed a Complaint raising constitutional violations against the Defendants on July 14, 2008, and filed at No. 08-CV-1330. The allegations of that Complaint, and evidence therein, are incorporated herein by reference.

15. In summary, on September 5, 2007, the Plaintiffs purchased three tracts of land in East Pennsboro Township, collectively known and numbered as 3 Cassatt Street. Two of the properties were partially improved, and inspected for framing by the prior, non-minority, owner under the then-applicable building code. The Township inspector, Defendant Schultz, attempted to subject the Plaintiffs to more stringent framing requirements under a new and different building code adopted by the Township in 2004, despite the prior approval of the framing of the properties, and mandated additional parking spaces despite the grandfathered nature of the construction since 1997.Defendant East Pennsboro Township, through its authorized agents and representatives, including Mr. John Pietropaoli and Mr. John Owen and Defendant Shultz, had conducted multiple, intrusive site visits and inspections to comply with the Building Code CABO 1995 when owned by prior non-minority owner, Timothy Mowery. When Plaintiffs purchased the partially completed property from Mr. Mowery, Defendants quite literally enforced an inapplicable Building Code PA UCC (2004) which is much stricter than CABO 1995, violating the clear terms of these legal documents. Ultimately, the Township issued a stop work order for the property, which was litigated in the Cumberland County Court of Common Pleas, with a favorable result for the Plaintiffs in that the stop work order was found to be unlawful, and was lifted by the Cumberland County Court. There was abundant evidence of non-minority property owners in East Pennsboro who were similarly mistreated, and Plaintiffs brought suit in this Court raising claims for relief pursuant to Section 1983 under the First and Fourteenth Amendments.

16. Defendant East Pennsboro Township, through all of the policymaker/Defendants, was specifically aware of the issues concerning the above, as the "Stop Work Order" was copied to multiple municipal policymakers, including the Board of Commissioners, Township Manager,

Director of Housing and Community Development, Codes Enforcement Officer, and Township Solicitor; and all were additionally aware of the prior litigation in this Court.

17. On one occasion, the Plaintiffs were specifically told by the Chief of Police McMaster of the Defendant Township that some residents who are neighbors of Plaintiffs' rental properties in East Pennsboro Township were upset about the fact that, by renting these properties to minorities, the Plaintiffs were changing the "demographic pattern" of the township.

18. Upon information and belief, the individual Defendant/East Pennsboro policymakers were aware at all times of the attitudes of residents of the Township, which include some or all of these individual Defendants, as expressed by Chief of Police Mr. McMaster.

19. It is believed that Defendant Underhill kept the Defendants informed of the status of the prior litigation in this Court, and regularly met with them, and discussed strategy and planning regarding that case, and the entire situation relating to Plaintiffs' business dealings with the Township.

20. During the litigation, Defendant Autry changed Law firms from Boyle Litigation to Clymer Musser & Conrad which resulted in Plaintiffs' case file assigned to Attorney Devon Jacob who had prior engagement of working together with Defendant Underhill in defending the claims in the matter of wrongful imprisonment of Mr. Steven Crawford. Due to familiarity of the factual matters of the case and to avoid dealing with Attorney Jacob with conflicts, Plaintiffs decided to go with Defendant Autry, therefore, they were represented at trial by Defendant Autry.

21. Defendant Autry never notified this Honorable Court about the fact that Attorney Devon Jacob who entered his appearance as a co-counsel with attorneys at Boyle Litigation

never filed for his withdrawal when Plaintiffs decided to go with Defendant Autry and Clymer Musser & Conrad that enabled Attorney Jacob to receive all the Court filings and notifications up until he filed his withdrawal on 24 November 2015, the day before Jury verdict on 25 November 2015.

22. Defendant Autry changed the terms of the Plaintiffs' prior agreement, and required them to proceed through trial under a strictly hourly fee agreement, thereby removing his incentive to maximize the recovery, and incentivizing him to maximize the hours he spent on the case independent of the result achieved by the Plaintiffs.

23. Plaintiffs believe and aver that the law firm of Defendant Autry, Clymer, Musser, and Conrad, P.C., located in Lancaster, PA, had a long-standing business and political relationship with the law firm of Hartman, Underhill, and Brubaker, also located in Lancaster, PA, and in which Defendant Underhill was a principal, and that these personal, professional, and political allegiances were placed above the duties of Defendant Autry to zealously represent the Plaintiffs in their case involving issues in Cumberland County.

24. Defendant Autry failed to provide the basic services that he was retained to perform and Plaintiffs believe that Autry colluded with Defendant Christopher Underhill by not producing several crucial trial exhibits and requiring the attendance of over seven (7) witnesses that he served with federal subpoenas for their testimony during the November 2013 trial. These witnesses and exhibits were critical to proof of the Plaintiffs' claims, and there is no rational strategic reason why they were not submitted into evidence, despite two unsuccessful motions in limine by Defendants.

25. Defendant Autry also willfully inflated his invoices contrary to the terms of the retainer agreement that he signed with the Plaintiffs in 2013 and refused to file post-trial motions and/or a timely appeal of the 2013 District Court's Order as the Plaintiffs raised, <u>inter alia</u>, improper jury contact issues that seriously compromised the integrity of the jury trial conducted in this Court in November, 2013.

26. As evidence of this intentional mistreatment and abuse of the Plaintiffs, as set forth above, and as constituting independent violations of their rights, Defendant Jeffery Conrad, a supervising attorney of Defendant Autry at the Law Offices of Clymer Musser and Conrad PC refused to return crucial documents of the Plaintiffs that was needed to file their Brief to the US Court of Appeals to the Third Circuit and obstructed Plaintiffs access to the Courts.

27. Specifically, in an outrageous violation of the Plaintiffs' rights, and in consideration of the above, Defendant Conrad tried to have the Plaintiffs arrested by Lancaster City Police Department on October 2, 2014 when they appeared at the Clymer, Musser, and Conrad law offices to retrieve their file in order to prepare for their continuing litigation in the courts for which they were represented and abandoned by Defendant Autry. Defendant Conrad made false statements of criminal misconduct to the Lancaster Police in an effort to have them falsely arrested, causing great upset and inconvenience to the Plaintiff, and further setting them back in their efforts to proceed lawfully through the courts in pursuit of their claims for the violations of their Constitutional rights.

28. Despite the legal actions brought against the Defendant Shultz and Defendant East Pennsboro Township at both State Court and this Honorable Court, due to the biased judgments of Defendant Shultz when issuing unlawful Stop Work Orders against Lots 3B and

Lot 3C that lacked any rational basis, Defendants refused to allow the Plaintiffs to engage an "approved Third Party inspector" to conduct future inspections to avoid their perceived unfair treatment. This unlawful condition continues through the present, and is part of a continuing pattern of discrimination and retaliation against the Plaintiffs, as they additionally are aware that the Plaintiffs rent to minority residents of the Township.

29. Plaintiffs are additionally aware that the Township continues to engage in the disparate enforcement of its various housing and construction codes, being more lax in enforcement pertaining to non-minority property owners/residents, while being more stringent in enforcing them against non-minority owners, as revealed through their enforcement actions against, and continuing treatment of, the Plaintiffs as evident from their on-going documentation.

30. In addition, Defendants East Pennsboro Township, through one or more of the individual Defendant/East Pennsboro policymakers, misinformed the Defendant Cumberland County Tax Claim Bureau about the status of the Plaintiffs' construction and willfully influenced the Tax Claim Bureau to inflate the Tax Assessment of the very subject property from $128,000 in 2008 prior to filing of the Federal law suit to close to $290,000.

31. Over the Plaintiff's protests, which were ridiculed by the Tax Claim Bureau, the Plaintiffs were forced to pay taxes on the inflated assessment, and the Defendant Tax Claim Bureau continued to bill this inflated assessment threatening Tax Sale despite Plaintiffs' appeal in 2011.

32. Plaintiffs submit that these issues are part of a continuing pattern of discrimination and retaliation against them for the filing of their 2008 suit in this Court, and are part of a pattern of continuing violations through the present.

33. It is specifically believed and averred that Defendant James Hertzler, who became a County Commissioner after his service on the East Pennsboro Board of Supervisors, and Defendant John Kuntzelman, who succeeded Defendant Hertzler, and ran for office on a campaign pledge to strictly enforce the Township codes against rental properties, influenced Defendant Cumberland County Tax Claim Bureau to retaliate against the Plaintiffs for filing federal lawsuit.

34. In keeping with the theme of strict enforcement of codes against rental property owners, the Township has developed a custom, policy, pattern, and practice of selectively enforcing the applicable Township codes, rules, and regulations of the Township against minority property owners, and property owners who rent to minorities in accordance with the discriminatory statement made by Mr. McMaster concerning the changing demographics as set forth above. In essence, this is all a part of a continuing policy and practice of the Township, and the individual Defendants to keep minorities out of East Pennsboro Township, as well as retaliation against the Plaintiffs.

35. Similarly, for the reasons set forth above, it is believed and averred that Defendants James Hertzler and John Kuntzelman who failed to appear at the District Court for their testimony during November 2013 trial, despite their federal subpoenas served, influenced Defendant Cumberland County Housing and Redevelopment Authority to retaliate against the Plaintiffs.

36. Defendant Cumberland County Housing and Redevelopment Authority refused to pay June and July 2015 rents for the rental property at 100 Wyncote Court in Mechanicsburg, Pennsylvania that they leased from the Plaintiffs as a retaliation due, upon information and

belief, to undue influence of former and incumbent Defendant East Pennsboro Township commissioners Defendant James Hertzler who is the incumbent County Commissioner, and Defendant John Kuntzelman.

37. In addition to all of the foregoing, on August 26, 2015, Defendant Karen Dunkle, Defendant East Pennsboro Township and their legal counsel, Defendant Christopher Underhill all retaliated against the Plaintiffs through condemning Plaintiffs' rental unit at 493 State Street, Apt B, Enola, Pennsylvania, a grandfathered multi-unit when owned by the prior non-minority owner.

38. The basis upon which this condemnation was based was clearly contrived, and Dunkle additionally gave false and conflicting testimony under oath about her prior depositions of due process related to these matters at an October 13, 2015 hearing regarding this condemnation.

39. Defendant Karen Dunkle never requested permission from the Plaintiffs before she entered their property at 493 State Street, Enola and did not have the required warrant from a local Magistrate District Judge in the municipality and violated required due process for her action.

40. Defendant Karen Dunkle never notified her subsequent multiple entries accompanying several other Township sewer department employees into their property at 493 State Street Enola on 24 August, 2015 and after condemning it in August through October 2015.

41. Defendant Karen Dunkle had copied her letter dated 26 August 2015 to Defendant Christopher Underhill, all current commissioners of the Defendant East Pennsboro Township,

their solicitor Henry Coyne, Manager John Pietropaoli, and the Director of Codes office John Owen.

42.     Upon information and belief, at no time did Defendant Underhill formally represent the Township in any matters relating to Plaintiffs, other than those matters relating to the 3 Cassatt Street properties, as they relate to No. 08-CV-1330, thus clearly revealing a coordinated plan, in which Underhill, and all other Township Defendants were involved, to continue to discriminate and retaliate against the Plaintiffs.

43.     Defendant Underhill additionally sent the Plaintiffs correspondence dated 7 August 2015 threatening the Plaintiffs with sanctions for the continued pursuit of their appeal of the Rule 60(b) motion in this matter, which, on its face, shows that they have a good faith basis for proceeding in light of the evidence of improper jury contacts in this matter.  The timing of this correspondence in conjunction with the timing of the condemnation of the 493 State Street property, in further conjunction with the CCHRA issues further supports the Plaintiffs' contention that this entire course of conduct is part of a conspiracy to continue to discriminate and retaliate against the Plaintiffs, as set forth herein.

## COUNT ONE

### Plaintiffs v. All Defendants

44.     Paragraphs 1 through 43 are incorporated herein by reference in their entirety.

45.     The actions and conduct of all the Defendants constitutes retaliation against the Plaintiffs for the protected exercise of their First Amendment rights in filing the July 2008 lawsuit against the Defendants, and interference with their access to the courts, and is a

continuation of the same discrimination against them as was involved in their prior lawsuit, in violation of their right to equal protection of the laws.

46. All of the conduct of these Defendants, as aforesaid, is part of a conspiracy in which all defendants engaged to interfere with and violate Plaintiffs' constitutional rights, as aforesaid.

47. In addition, Defendant Dunkle made repeated unlawful entries into Plaintiffs' property located at 493 State Street, Enola, violating due process, pursuant to this conspiracy to violate the Plaintiffs' rights, for which all defendants are liable under conspiracy principles.

48. As a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiffs have suffered years of aggravation, humiliation, inconvenience, the exacerbation of health issues, and emotional suffering and distress.

49. The conduct of the Defendants was done deliberately to hurt and harm the Plaintiffs, with the specific intent to deprive them of their constitutional rights through retaliation against them for their prior protected activities, and to discriminate against them based upon their race-national origin, all of which is outrageous, and justifies an award of punitive damages.

WHEREFORE Plaintiffs demand judgment in their favor, and against the Defendants for compensatory damages in an un-liquidated amount, and for punitive damages, together with costs, attorney's fees, and such further relief as is just.

## COUNT TWO

### Plaintiffs v. Defendants Autry and Clymer, Musser & Conrad

50. Paragraphs 1 through 49 are incorporated herein by reference in their entirety.

51. The actions and conduct of Defendants Autry and Clymer, Musser & Conrad, in addition to constituting the violations of Plaintiffs' rights as set forth in Count One, constitute the intentional and negligent breach of their duties of representation of the Plaintiffs pursuant to their contractual representation agreement with the Plaintiffs, and all express and implied duties attendant thereto.

52. These professional failings are clear on their face, and cost Plaintiffs over $90,000 in attorneys' fees, and the loss of their claims in No. 09-CV-1330.

53. In addition, as a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiffs have suffered years of aggravation, humiliation, inconvenience, the exacerbation of health issues, and emotional suffering and distress.

54. The conduct of the Defendants was done deliberately to hurt and harm the Plaintiffs, with the specific intent to deprive Plaintiffs of the benefits of their representation and pursuit of their valid claims, all of which is outrageous, and justifies an award of punitive damages.

WHEREFORE Plaintiffs demand judgment in their favor, and against the Defendants for compensatory damages in an un-liquidated amount, and for punitive damages, together with costs, attorney's fees, and such further relief as is just.

## COUNT THREE

### Plaintiffs v. Defendants Conrad and Clymer, Musser & Conrad, PC

55. Paragraphs 1 through 54 are incorporated herein by reference in their entirety.

56. The actions and conduct of Defendants Conrad and Clymer, Musser & Conrad in denying them access to their files, and in attempting to have them arrested, in addition to constituting the violations of Plaintiffs' rights as set forth in Count One and Count Two, constitute defamation against the Plaintiffs, and the intentional interference with their legal rights and relations.

57. As a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiffs have suffered aggravation, humiliation, inconvenience, the exacerbation of health issues, and emotional suffering and distress.

58. The conduct of the Defendants was done deliberately to hurt and harm the Plaintiffs, with the specific intent to harm the Plaintiffs in the pursuit of their valid claims, all of which is outrageous, and justifies an award of punitive damages.

WHEREFORE Plaintiffs demand judgment in their favor, and against the Defendants for compensatory damages in an un-liquidated amount, and for punitive damages, together with costs, attorney's fees, and such further relief as is just.

## COUNT FOUR

### Plaintiffs v. Defendants Underhill and Hartman, Underhill & Brubaker LLP

59. Paragraphs 1 through 58 are incorporated herein by reference in their entirety.

60. The actions and conduct of Defendants Underhill and Hartman, Underhill & Brubaker LLP in demanding Plaintiffs to withdraw their Notice of Appeal of the US District Court's Order dated July 15, 2015, and upon Plaintiffs' denial to do so, Defendant Underhill and Defendant Karen Dunkle conspired to retaliate against the Plaintiffs by condemning the rental

unit at 493 State street under very questionable circumstances, in addition to constituting the violations of Plaintiffs' rights as set forth in Count One, Count Two and Count Three, constitute defamation against the Plaintiffs, and the intentional interference with their legal rights and relations.

61. As a direct and proximate result of the conduct of these Defendants as aforesaid, Plaintiffs have suffered aggravation, humiliation, inconvenience, the exacerbation of health issues, and emotional suffering and distress.

62. The conduct of the Defendants was done deliberately to hurt and harm the Plaintiffs, with the specific intent to harm the Plaintiffs in the pursuit of their valid claims, all of which is outrageous, and justifies an award of punitive damages.

WHEREFORE Plaintiffs demand judgment in their favor, and against the Defendants for compensatory damages in an un-liquidated amount, and for punitive damages, together with costs, attorney's fees, and such further relief as is just.

Respectfully Submitted,

Gnana M. Chinniah, Plaintiff

Suganthini Chinniah, Plaintiff

506 Erford Road
Camp Hill, PA 17011
Home Tel: 717 732 6273
Email: chinniahg@hotmail.com

Date: November 23, 2015