**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GNANA M. CHINNIAH a/k/a GNANA CHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br><br>   Plaintiffs.<br><br>  v.<br><br>EAST PENNSBORO TOWNSHIP; JEFFREY S. SHULTZ; KAREN DUNKLE; JAMES HERZLER; JOHN KUNTZELMAN; CHRISTOPHER UNDERHILL; LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKER; JOSHUA AUTRY; JEFFREY CONRAD; LAW OFFICES OF CLYMER MUSSER & CONRAD; CUMBERLAND COUNTY TAX CLAIM BUREAU , and CUMBERLAND COUNTY HOUSING REDEVELOPMENT AUTHORITY,<br><br>   Defendant. | CIVIL ACTION NO.: 1:15-cv-2240<br>Kane/KM |

**BRIEF IN SUPPORT
OF THE MOTION TO STAY DISCOVERY
OF DEFENDANTS, JOSHUA AUTRY, JEFFREY CONRAD,
AND THE LAW OFFICES OF CLYMER MUSSER & CONRAD**

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**

CHRISTOPHER E. BALLOD, ESQUIRE
Pa. I.D. No.: 89462

One Oxford Centre, 38th Floor
Pittsburgh, PA  15219
412-263-2000
412-263-2001 (Fax)
ceb@pietragallo.com

*Counsel for Defendants,
Joshua Autry, Jeffrey Conrad and
Law Offices of Clymer Musser & Conrad*

**PROCEDURAL HISTORY**

Plaintiffs Gnana and Suganthini initiated this lawsuit by filing a Complaint on November 23, 2015. (Doc. 1). Defendants Christopher Underhill and Law Offices of Hartman Underhill & Brubaker (the "Underhill Defendants") filed a Motion to Dismiss on January 22, 2016. Defendants Joshua Autry, Jeffrey Conrad and the Law Offices of Clymer Musser & Conrad (the "Clymer Conrad Defendants") executed waivers of service (Docs. 32 and 33) pursuant to Fed. R. Civ. P. 4(d)(3) that were sent on December 15, 2015. The Clymer Conrad Defendants filed a Motion to Dismiss the Complaint on February 12, 2016.

The Clymer Conrad Defendants now move to stay Initial Disclosure requirements under Rule 26, and discovery in general until the pending motions are decided.

**STATEMENT OF THE FACTS**

The claims against the Clymer Conrad Defendants arise out of their representation of the Plaintiffs in a discrimination matter litigated in the Middle District of Pennsylvania at No. 08-CV-1330 (the "2008 case"). In that matter, the Plaintiffs alleged that they were subjected to a pattern of discrimination against minority residents, property owners, and developers perpetrated by East Pennsboro Township, Cumberland County. The 2008 case was tried to a jury and judgment was entered against the Plaintiffs.

The Plaintiffs sought to open the judgment by motion claiming that the Clymer Conrad Defendants' representation was inadequate and motivated by some vaguely-alleged conspiracy. The motion was denied, and the Plaintiffs appealed to the Third Circuit Court of Appeals, docketed at No. 14-3355. The judgment was affirmed on March 6, 2015. The Plaintiffs again moved the Court to reopen the judgment based on the same claimed inadequacy of the Clymer Conrad Defendants' representation. This, too, was denied.

Plaintiffs' Complaint contains three counts addressed to alleged negligence of the Clymer Conrad Defendants during their representation in the 2008 case. Count One of the Complaint alleges that all of the Defendants are "part of a conspiracy in which all defendants engaged to interfere with and violate Plaintiffs' constitutional rights." (Compl. at ¶ 46). This Count insists that all of the Defendants, including their own counsel, sought to "deprive them of their constitutional rights through retaliation against them for their prior protected activities, and to discriminate against them based upon their race-national origin." (Compl. at ¶ 49).

Count Two is only addressed to Attorney Autry and the Clymer Conrad law firm. Plaintiffs allege that the "professional failings" of these Defendants "constitute the intentional and negligent breach of their duties of representation of the Plaintiffs pursuant to their contractual representation agreement with the Plaintiffs." (Compl. at ¶¶ 51-52). Plaintiffs claim that these Defendants acted with the specific intent to deprive Plaintiffs of the benefits of their representation and pursuit of their valid claims." (Compl. at ¶ 54).

Count Three alleges that Attorney Conrad and the Clymer Conrad law firm, through their conduct alleged in Counts One and Two and "in attempting to have [the Plaintiffs] arrested," are liable for "defamation against the Plaintiffs, and the intentional interference with their legal rights and relations." (Compl. at ¶ 56). Again, these allegations appear to be based on the Clymer Conrad Defendants' professional representation of the Plaintiffs in the 2008 case.

They request punitive damages in the *ad damnum* clauses of all of these counts.

**STATEMENT OF QUESTIONS INVOLVED**

**Should the Court stay discovery until resolution of the pending motions to dismiss?**

Suggested Answer: Yes.

**ARGUMENT**

"A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay." *Flores v. Pennsylvania Dep't of Corr.*, No. 3:CV-12-1149, 2013 WL 2250214, at *1 (M.D. Pa. May 22, 2013) (Judge Kosik) (granting stay); s*ee also Ryder v. Bartholomew*, No. 3:13-CV-1498, 2014 WL 2195385, at *3 (M.D. Pa. May 27, 2014) (Magistrate Judge Mehalchick) (granting stay).

The Eastern District explained the benefits of granting a stay pending a motion to dismiss, which could affect the scope of discovery or limit the need for it altogether:

> By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.

*Weisman v. Mediq, Inc.,* No. CIV. A. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (Judge Rendell); *see also Barbieri v. Wells Fargo & Co.*, No. CIV.A. 09-3196, 2012 WL 3089373, at *5 (E.D. Pa. July 27, 2012) (Judge Surrick).

This Court has reached the same conclusion:

> In the pending motion to dismiss, Defendants raise grounds that would dispose of many of the claims, as well as streamline the issues in this case. The grant of the motion to stay discovery, at least at this point, eliminates the need to engage in costly discovery.

*Ball v. Oden*, No. CIV. 1:CV-09-0847, 2010 WL 598653, at *8 (M.D. Pa. Feb. 17, 2010) (Judge Kane) *aff'd*, 396 F. App'x 886 (3d Cir. 2010). In another case, this Court echoed:

> If the Court finds Defendants arguments meritorious, then discovery would be futile. To the extent any of the arguments set forth in support of dismissal of the complaint are found to be without merit, the issues would be narrowed, the surviving claims would proceed, and a discovery period would be imposed.

*W. V. Shultz*, No. 1:12-CV-1004, 2013 WL 5438297, at *8 (M.D. Pa. Sept. 27, 2013) (Judge Kane).

This Court has noted the "simple, fundamental truth" that the delay will be brief but potentially save substantial costs:

> Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.

*Wills v. United States*, No. 3:13-CV-1787, 2014 WL 5443083 (M.D. Pa. Oct. 24, 2014) (Magistrate Judge Carlson). Accordingly, this Court routinely grants such motions. *See Stephens v. Clash*, No. 1:13-CV-712, 2013 WL 6065323, at n.11 (M.D. Pa. Nov. 18, 2013) (Judge Conner); *Jordan v. Beard*, No. 1:09-CV-2394, 2012 WL 833023, at *8 (M.D. Pa. Mar. 12, 2012) (Judge Caldwell); *Ball v. Hartman*, No. CIV. 1:CV-09-0844, 2010 WL 146319, at *5 (M.D. Pa. Jan. 11, 2010) (Judge Kane) *aff'd*, 396 F. App'x 823 (3d Cir. 2010); *Babalola v. Donegal Mut. Ins. Co.*, No. CIV.A 1:08-CV-621, 2008 WL 5278393 (M.D. Pa. Dec. 18, 2008) (Judge Kane).

As the Third Circuit recently recognized, "[t]he Rule 12(b)(6) procedure 'streamlines litigation by dispensing with needless discovery and factfinding,' and motions to dismiss filed under it should typically 'be resolved before discovery begins.'" *Levey v. Brownstone Inv. Grp., LLC*, No. 13-3251, 2014 WL 5369394, at *4 (3d Cir. Oct. 23, 2014) (citing *Neitzke v. Williams*,

4

...

490 U .S. 319, 326–27 (1989); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997)). ); *see also Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (affirming discovery stay pending motion to dismiss); *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir.2007); *Spencer v. Wetzel*, No. 3:CV-12-616, 2012 WL 2930228, at *2 (M.D. Pa. July 18, 2012) (Magistrate Judge Blewitt) (recommending grant of stay) ("discovery at this point is not necessary and would be entirely futile and in contrast to the principles aforementioned by the Third Circuit in *Iqbal*." ).

As stated more fully in the pending Motions to Dismiss, the Defendants are hard-pressed to even define the claims against them, much less engage in the process of identifying potentially relevant information and documents. Furthermore, Plaintiffs' claims appear to be substantively the same claims raised and litigated to resolution through the appellate process in the 2008 case. The Defendants move for dismissal, in part, in the hope of avoiding relitigation of those matters.

Accordingly, the Clymer Conrad Defendants request a stay to avoid having to engage in burdensome and costly discovery before the Motions to Dismiss are decided.

## CONCLUSION

For the foregoing reasons, Defendants Joshua Autry, Jeffrey Conrad and the Law Offices of Clymer Musser & Conrad respectfully request that this Honorable Court grant their Motion, and stay all Initial Disclosures and discovery until the Motions to Dismiss are decided.

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By:   /s/ Christopher E. Ballod
CHRISTOPHER E. BALLOD, ESQUIRE
*Counsel for Joshua Autry, Jeffrey Conrad
and Law Offices of Clymer Musser & Conrad*

Date:  February 12, 2016

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH a/k/a GNANA CHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br><br>    Plaintiffs.<br><br>    v.<br><br>EAST PENNSBORO TOWNSHIP; JEFFREY S. SHULTZ; KAREN DUNKLE; JAMES HERZLER; JOHN KUNTZELMAN; CHRISTOPHER UNDERHILL; LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKER; JOSHUA AUTRY; JEFFREY CONRAD; LAW OFFICES OF CLYMER MUSSER & CONRAD; CUMBERLAND COUNTY TAX CLAIM BUREAU , and CUMBERLAND COUNTY HOUSING REDEVELOPMENT AUTHORITY,<br><br>    Defendant. | CIVIL ACTION NO.:  1:15-cv-2240<br>            Kane/KM |

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the within Brief has been served upon counsel of record by electronic service by the court and/or by United States Mail, first class postage prepaid, addressed as follows:

Gnana M. Chinniah
Suganthini Chinniah
506 Erford Road
Camp Hill, PA 17011
*Pro Se*

Donald L. Carmelite, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive
Suite 201
Camp Hill, PA 17011
*East Pennsboro Township,*
*Jeffrey S. Shultz, Karen Dunkle, John*
*Kuntzelman and James Herzler*

6

David J. MacMain, Esquire
Tricia M. Ambrose, Esquire
The MacMain Law Group, LLC
101 Lindenwood Drive
Suite 160
Malvern, PA 19355
*Cumberland County Tax Claim Bureau and James Herzler*

Tricia D. Naylor, Esquire
19 West South Street
Carlisle, PA 17013

Byron R. Kaster, Esquire
Dickie, McCamey & Chilcote, P.C.
Plaza 21, Suite 302
425 North 21st Street
Camp Hill, PA  17011-2223
*Cumberland County Housing Redevelopment Authority*

Edwin A.D. Schwartz, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive
Suite 201
Camp Hill, PA 17011
*Christopher Underhill and Law Offices of Hartman Underhill & Brubaker*

 

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP

By:     /s/ *Christopher E. Ballod*
CHRISTOPHER E. BALLOD, ESQUIRE
*Counsel for Joshua Autry, Jeffrey Conrad and Law Offices of Clymer Musser & Conrad*

Date:     February 12, 2016

7