IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH a/k/a GNANACHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br>　　　　Plaintiffs | : CIVIL ACTION NO: 1:15-cv-2240 |
| v. | |
| EAST PENNSBORO TOWNSHIP JEFFREY S. SHULTZ, KAREN DUNKLE, JAMES HERZLER, JOHN KUNTZELMAN, CHRISTOPHER UNDERHILL, LAW OFFICES OF HARTMAN UNDERHILL &BRUBAKER, JOSHUA AUTRY, JEFFREY CONRAD, LAW OFFICES OF CLYMER MUSSER & CONRAD,: CUMBERLAND COUNTY TAX CLAIM BUREAU, and CUMBERLAND COUNTY HOUSING REDEVELOPMENT AUTHORITY :<br>　　　　Defendants | : Judge Kane<br><br>FILED<br>HARRISBURG, PA<br>FEB 2 5 2016<br>MARIA E. ELKINS, CLERK<br>Per _____<br><br>: JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**

I.   **INTRODUCTION**

By Order dated February 11, 2016, this Court denied Plaintiffs' Motion for Recusal. The Court's Opinion itself suggests additional reasons for recusal, and that the proper basis for recusal appears, and that reconsideration should be granted, and the Court should recuse in this case especially when the rulings on recent motions by this Court would be concurrently reviewed by the US Supreme Court for the reasons stated in the Writ of Certirari draft attached that would be timely finalized, filed and be argued in good faith in pursuit of justice.

1

## II. ARGUMENT

In <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F.3d 155 (3d Cir. 1993), the Court said the following with regard to recusal motions:

> Whenever a judge's impartiality "might reasonably be questioned" in a proceeding, 28 U.S.C. § 455(a) commands the judge to disqualify himself *suasponte* in that proceeding. For purposes of § 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias against a party or the party's counsel. This is so because § 455(a) concerns not only fairness to individual litigants, but, equally important, it concerns "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." To achieve its highest function, "'justice must satisfy the appearance of justice.'"
>
> The instruction to which we adhere "is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case."

(citations omitted).

There is an appearance of partiality in this case that warrants this Court's recusal.

The Plaintiffs are in the process of preparing the Petition for Writ of Certiorari to the Supreme Court, which is due in March, and that Petition, like the filings in this Court and the Third Circuit on the Rule 60(b) issue are based primarily upon this Court's apparent desire to protect its court staff from inquiry over improper communications. It is very telling that, even in the Court's Order denying recusal, the Court, once again, does not even reference the legal basis of these claims, just focusing generally on the arguments that the Plaintiffs have made in the context of the "virtual abandonment" issue. Even though addressed by the Court, there is still an appearance that the issue is being avoided, as there was direct evidence, in Mr. Autry's handwritten notes, that the communication with the jury affected the handling of this case. To

say that there is no factual basis for the Plaintiffs' claims, and to fail to recognize the Supreme Court cases that dictate what this Court should have done to address shows prejudice against the Plaintiffs, and this supports everything the Plaintiffs are saying about this issue, which they will be arguing in the United States Supreme Court. The Plaintiffs attach hereto the Petition for Panel Rehearing/Rehearing En Banc that they filed with the Third Circuit raising these matters. The Plaintiffs believe that the record shows that the Court is elevating the protection of its court staff over the due process rights of the Plaintiffs, and there is a clear appearance of partiality at play on these facts alone.

In footnote 1 of the recusal order, the Court makes a suggestion that the delay in the case, and, more importantly, the failure to resolve it is somehow the Plaintiffs' fault. Yes, the Plaintiff Gnana Chinniah did have serious health issues, and the Court was gracious in recognizing these issues, and accommodating the Plaintiffs. The issues with their Counsel were not their fault, and the Plaintiffs were represented by Mr. Autry at trial, and paid him hourly for his representation, then had him not properly represent them, and bow to the improper communication to him about the jury, and their frustrations, and then abandoned the Plaintiffs right after trial, forcing them to have to proceed *pro se* to address these issues. The Plaintiffs were very diligent in this case, and it did not settle because the Defendants tried to offer a low-ball settlement to get the Plaintiffs to go away, leaving them with unresolved issues concerning the development of the properties at issue, which are still unresolved at this point, despite this Court recognizing that there was "quite literally a double standard" applied to the Plaintiffs, against the provisions of the building codes.

It was also at the Court's urging that the Plaintiffs ultimately came to be represented by Mr. Autry. The Plaintiff Gnana Chinniah appeared *pro se* at a pretrial conference in the prior

case on or about 4 November 2012. The Plaintiffs were fully capable of representing themselves, and would never have made the poor decisions Mr. Autry made. The Court urged the Plaintiffs to hire Counsel for trial, and urged them specifically in the direction of the Boyle law firm, which is where Mr. Autry was employed at the time, with hints that they may take their meritorious case on a contingency basis. The Plaintiffs took the direction from this Court, because they naturally believed the Court would only do what was in their best interest, and hired that law firm, and that direction from the Court, which should not have been given, cost them tens of thousands of dollars, and their justice in the past case. Plaintiffs now question why that direction was given to that firm, and whether they were under undue influence to make this naïve decision about it. The Plaintiffs also have heard that the Honorable Judge Kane resides in Cumberland County, which may appear to be bias in dealing Cumberland County as defendant.

There is a suggestion that the Plaintiffs are just trying to re-litigate the old case, which does present relevant background to these claims. As pointed out, they still have properties that are undeveloped due to the discriminatory circumstances that exist in East Pennsboro Township, and there are other things that have now continued to be done against them, through 2015, because this case was not properly resolved before. It is not the Plaintiffs' fault that this new case was filed, and they will keep filing proper cases, and pursuing their claims through the courts, as they are entitled to do, until justice is done. The Third Circuit even recognized that the Plaintiffs are proceeding in good faith, as they denied Underhill's Motion to have them sanctioned for appealing the Rule 60(b) motion, raising valid issues under Supreme Court precedent, and supported by a factual record. Plaintiffs have attached a draft of the Writ of Certiorari that would be filed timely after finalizing and formatting.

In addition, the Court's February 11, 2016 Order shows further prejudice against the Plaintiffs. It escapes the Court's attention that in ruling on the Defendants' Motion for Summary Judgment in that case, that the Court said that the Defendants "quite literally applied a double standard" in their dealings with the Plaintiffs over the Code provisions applicable to their case, but then allowed the Defendants to go on and create confusion to the jury over this matter, by allowing the jury in code interpretation, despite that the interpretation /applicability of codes/legal documents is a question of law for the courts, and can only be interpreted by a Judge.

For the purpose of documenting the serious errors that Plaintiffs believed resulted in justice not being served during the trial of the underlying case under 1:2008-CV-1330, Plaintiffs have attached their Petition for Panel Rehearing/Rehearing En Banc that was filed in March 2015. Plaintiffs clearly documented that several State Appellate Courts ruled that the Building Codes that are legal documents can only interpreted by a Judge and <u>not by a jury</u>. Moreover, Defendants are still adamant of enforcing PA UCC (2004) which is not even applicable to Plaintiffs property for clearly stated exemptions and exclusions stated in this legal document. By allowing the Building Code interpretations to the jury, this Court already clearly abused its discretionary authority and the suggestions made referencing the underlying case supports the bias of this Court.

Moreover, it is the Defendants who have forced the Plaintiffs resort to this Court, and their lawyers are even rebuffing the Plaintiff's attempts to have these matters resolved through the present. The Plaintiffs recently sent the Defendants an email trying to address these matters, so that this case would not be necessary, and tried to get on a public agenda to discuss their ongoing issues with the Township, and the County, and others, and the lawyers sent a threatening

email back to the Plaintiffs, totally ignored their requests to deal with these things out of the courts, and created a whole new set of facts and violations of their legal rights. Maybe they believe that they can just count on the courts to deprive the Plaintiffs of justice, and just want to multiply the litigation, so they can get paid their fees, but it is their conduct that is responsible for this case going now, and the Plaintiffs will always be ready to resolve their claims, develop their properties, and move on with their lives. The Plaintiffs attach hereto a copy of their February 9, 2016 with Attorney Carmelite's response. This email and response has created new claims for First Amendment violations, and Plaintiffs will address these issues in the future.

The Plaintiffs do not want to be full-time litigators, as it is very stressful, and is taking away from our lives, but there is justice that needs to be done, and the Plaintiffs will continue to pursue it as the Defendants are adamant to subject the Plaintiffs to different and more stringent standards, and retaliation, and other violations of their rights..

The Plaintiffs do not mean to impugn the integrity of this Court, and, if recusal is denied, will hope that the Court can be counted on to provide them fair access to justice. The Plaintiffs believe strongly that there are discriminatory facts and circumstances that exist in East Pennsboro Township, as the statement made to Plaintiff Gnana Chinniah as set forth at paragraph 17 of their Complaint. The Plaintiffs are carefully weighing their options as to how to deal with this saga that has disrupted their lives for nearly a decade, and whether to take this to the next level, but are concerned that this matter will continue to go on, and they will be mistreated again in the future, when they know that it was mistreatment to begin with, and it continues through increasing retaliation as Plaintiffs already have adequate evidence to prove their claim. There are facts and circumstances that need to be made part of the record for this Court to make a

proper ruling on the Plaintiffs' recusal motion, and the Plaintiffs are pursuing these matters out of an abundance of caution, so that they do not again get blind—sided by things that they were not aware about at the time, and have their access to justice cut off yet again.

### III.   CONCLUSION

For all of the foregoing reasons, this Court should grant reconsideration, and reverse its February 11, 2016 Order, and reconsider whether recusal is appropriate in light of all of the foregoing.

Respectfully Submitted,

*[signature]*

Gnana M. Chinniah, Plaintiff, *Pro Se*

*[signature]*

SuganthiniChinniah, Plaintiff, *Pro Se*

Date: February 25, 2016

506 Erford Road

Camp Hill, PA 17011

Home Tel: 717 732 6273

Email: chinniahg@hotmail.com

## CERTIFICATE OF SERVICE

I, Gnana Chinniah on this day of Feb 25, 2016 hereby certify that I am serving the copy of the foregoing Motion/Brief upon the persons by First Class US Postal Service addressed as below:

Donald L. Carmelite, Esq. and Edwin Schwartz, Esq

Marshall Dennehey Warner Coleman & Goggin

100 Corporate Center Drive, Suite 201

Camp Hill, PA 17011

David J. MacMain, Esq & Tricia M. Ambrose, Esq

The MacMain Law Group, LLC

101 Lindenwood Drive, Suite 160

Malvern, PA 19355

Christopher E Ballod, Esq

Pietragallo Gordon Alfano, LLP

One Oxford Center, 38th Floor

Pittsburgh, PA 15219

Byron R. Kaster, Esq

Dickie, McCamey & Chilcote, PC

Plaza 21, Suite 302

425 North 21st Street

Camp Hill, PA 17011

Date: Feb 25, 2016

*G. Chinniah*

Gnana Chinniah, Pro Se Plaintiffs

506 Erford Road

Camp Hill, PA 17011

Tel. 717 732 6273

Email: chinniahg@hotmail.com