**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GNANA M. CHINNIAH a/k/a GNANACHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION NO.  1:15-CV-2240 |
| | : | |
| EAST PENNSBORO TOWNSHIP, JEFFREY S. SHULTZ, KAREN DUNKLE, JAMES HERZLER, JOHN KUNTZELMAN, CHRISTOPHER UNDERHILL, LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKER, JOSHUA AUTRY, JEFFREY CONRAD, LAW OFFICES OF CLYMER MUSSER & CONRAD, CUMBERALND COUNTY TAX CLAIM BUREAU and CUMBERLAND COUNTY HOUSING REDEVELOPMENT AUTHORITY | : : : : : : : : : : : : : : : | JURY TRIAL DEMANDED |

## DEFENDANTS CHRISTOPHER UNDERHILL AND LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKERS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

AND NOW come Defendants Christopher Underhill and Law Offices of Hartman Underhill & Brubaker [hereinafter "Underhill Defendants"], by and through their counsel, Marshall, Dennehey, Warner, Coleman & Goggin, who respectfully file this Reply Brief in further support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Pa. R. Civ. P. 12(b).

1

## I.     PROCEDURAL AND FACTUAL HISTORY

The relevant alleged facts and procedural history of this action were previously set forth in Underhill Defendants' Brief in Support of their Motion to Dismiss.

## II.     ARGUMENT

### a.  *Plaintiffs are simply unhappy with the underlying litigation*

First and foremost, Underhill Defendants primarily rely upon (and incorporate herein by reference) the arguments previously set forth in their Motion to Dismiss together with their supporting Brief.  However, Underhill Defendants now file this Reply Brief to briefly address some unfounded arguments raised in Plaintiffs' Brief in Opposition to the Motion to Dismiss Plaintiffs' Complaint.  It must be noted that Plaintiffs' Brief is reminiscent of the adage "if you have the law on your side, argue the law; if you have the facts on your side, argue facts; if you have neither, just argue."  Plaintiffs in this case appear to be doing little more than just arguing. Plaintiffs appear willing to continue to engage in a vexatious and a litigious course of conduct regarding matters that have already been decided by a jury and further appear willing to continue to file frivolous litigation which has no basis in law or fact.

It must be noted that Plaintiffs continue to assert that this is not a rehash of the prior litigation yet Plaintiffs spend pages (*ad nauseum)* in both their Complaint

2

and in their Brief in Opposition to the Motion to Dismiss detailing the events of the previous matter.  It is obvious that Plaintiffs are dissatisfied with the outcome of the previous matter and are simply using this litigation for another bite at the apple.

### b.  *Plaintiffs are trying to create collateral issues where none actually exist*

Second, Plaintiffs, realizing the futility of their Complaint, seek to make a somewhat creative and novel argument that there is a conflict of interest between counsel for co-Defendants.  Plaintiffs, while making this bold and absolutely meritless assertion, have no standing to do so and have failed to cite to any relevant legal authority to support their claim.  In addition to their lack of legal authority, Plaintiffs do not make any statement as to how their interests are harmed based upon the current record.  Plaintiffs' belief that there is a grand conspiracy against them is simply nothing more than fantasy and conclusory speculation, lacking any factual foundation and not relevant to counsel for co-Defendants.

An attorney's conduct concerning the representation of his/her client is governed by the Rules of Professional Conduct.  Rule 1.7 deals specifically with conflict of interests, which if present can be waived by informed consent, and states in relevant part:

> (a)…a lawyer shall no represent a client if the representation involves concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Nothwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent.

Pa. R. Prof. Conduct 1.7. There is no conflict of interest between co-Defendants' representation.

### c. *Plaintiffs' wild speculation is insufficient to create a claim*

Third, it is without question that Underhill Defendants are clearly identified in the Complaint as a private attorney retained by the co-Defendant, East Pennsboro Township. Plaintiffs' Complaint ¶ 7. This is not simply an interjection of the term "special counsel" but exactly Underhill Defendants' role as opposed to the Township Solicitor. As counsel for East Pennsboro Township in the underlying litigation, it was incumbent upon and part of Underhill Defendants' role to speak with Plaintiffs' counsel, Mr. Autry. This open communication and

dialogue among counsel is mandated by the rules of civility and inherently necessary during the process of litigation. Plaintiffs' would have this Court believe that counsel on opposing sides should never speak to one another lest there be some ulterior and/or evil motive. That is simply not the nature of the practice of law in a civilized society. Plaintiffs' have failed to plead any factual allegations to support their bold and wildly outrageous assertion of a "nefarious plan to retaliate against, and continue to discriminate against" aside from Plaintiffs unsubstantiated belief that it is so. Opposing Counsel speaking to each other is the nature of litigation and is certainly far from "nefarious."

### d. Plaintiffs' entitlement to special consideration for pleadings

Lastly, if Plaintiffs felt as though their legal and factual deficiencies could have been corrected by an Amended Complaint, Plaintiffs' had the right to do so as opposed to responding substantively to the Motion to Dismiss. By responding, Plaintiffs have now waived their right to amend their Complaint without leave of Court or consent of counsel. <u>See</u> Fed. R. Civ. P. 15. Clearly, Plaintiffs' believe their Complaint to be sufficient and for the multitude of reasons set forth by Underhill Defendants it is not sufficient and no amount of re-pleading will correct the legal and factual deficiencies. Nonetheless, it is clear from the reading of Plaintiffs' argument that they, again, feel somewhat entitled to special treatment due to their voluntary status as *pro se* litigants. Plaintiff appear to be asserting that

this Honorable Court must bend over backwards to hold them to "less stringent standards."

While it is established that the court will liberally construe a *pro se* litigant's pleading, *pro se* litigants must still allege facts in their complaint to support his/her claim.  <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239 (3d Cir. 2013).  "At the end of the day, they [*pro se* litigants] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."  <u>Id</u>. at 245.  Plaintiffs are not seeking liberal construction of their Complaint but are asking for special accommodations to plead without restriction or limitation.  It is apparent from the litany of filings by Plaintiffs to date, they have no difficulty conveying their intent in written form.

III.   **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Motion to Dismiss and accompanying Brief, Defendants Christopher Underhill and Law Offices of Hartman Underhill & Brubaker respectfully request that this Honorable Court enter an Order dismissing Plaintiffs' Complaint with prejudice and further grant all such other relief as is just and proper.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

*/s/ Edwin A.D. Schwartz*
EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 200538
100 Corporate Center Drive
Suite 201
Camp Hill, PA 17011
Phone: (717) 651-3512
Fax: (717) 651-3707
Email: *easchwartz@mdwcg.com*

Date: 3/04/2016

# CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing

*Defendants Christopher Underhill and Law Offices of Hartman Underhill &*

*Brubak's Reply Brief In Support of our Motion to Dismiss* upon the person(s) and

in the manner indicated below, which service satisfies the requirements of the

Federal Rules of Civil Procedure, by ECF notification and/or by depositing a copy

of same in the United States Mail, first-class postage prepaid, addressed as follows:

| | |
|---|---|
| Gnana M. Chinniah<br>Suganthini Chinniah<br>506 Erford Road<br>Camp Hill, PA 17011<br>*Pro Se* | Donald L. Carmelite, Esquire<br>Marshall Dennehey Warner Coleman &<br>Goggin<br>100 Corporate Center Drive<br>Suite 201<br>Camp Hill, PA 17011<br>*Attorney for East Pennsboro Township,*<br>*Jeffrey S. Shultz, Karen Dunkle, John*<br>*Kuntzelman and James Herzler* |
| Christopher E. Ballod, Esquire<br>Pietragallo, Gordon, Alfano, Bosick &<br>Raspanti, LLP<br>One Oxford Centre, 38th Floor<br>Pittsburg, PA 15219<br>*Attorneys for Joshua Autry, Jeffrey*<br>*Conrad and Law Offices of Clymer,*<br>*Musser and Conrad* | David J. MacMain, Esquire<br>Tricia M. Ambrose, Esquire<br>The MacMain Law Group, LLC<br>101 Lindenwood Drive<br>Suite 160<br>Malvern, PA 19355<br>Cumberland County Tax Claim Bureau<br>and James Herzler |

Byron R. Kaster, Esquire
Plaza 21, Ste. 302
425 North 21st Street
Camp Hill, PA 17011
*Cumberland County Housing*
*Redevelopment Authority*

                                        MARSHALL DENNEHEY WARNER
                                        COLEMAN & GOGGIN

                                        /s/ *Edwin A.D. Schwartz*
                                        EDWIN A.D. SCHWARTZ, ESQUIRE
                                        Attorney ID 75902
                                        100 Corporate Center Drive
                                        Suite 201
                                        Camp Hill, PA 17011
                                        Phone: (717) 651-3512
                                        Fax: (717) 651-3707
                                        Email: *easchwartz@mdwcg.com*

Date: 3/4/2016

LEGAL/104120063.v1

9