IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH a/k/a GNANACHANDRA M. CHINNIAH and SUGANTHINI CHINNIAH,<br>      Plaintiffs | : CIVIL ACTION NO: 1:15-cv-2240<br>:<br>:<br>:<br>: |
| v. | :<br>: Judge Kane |
| EAST PENNSBORO TOWNSHIP JEFFREY S. SHULTZ, KAREN DUNKLE, JAMES HERZLER, JOHN KUNTZELMAN, CHRISTOPHER UNDERHILL, LAW OFFICES OF HARTMAN UNDERHILL & BRUBAKER, JOSHUA AUTRY, JEFFREY CONRAD, LAW OFFICES OF CLYMER MUSSER & CONRAD, CUMBERLAND COUNTY TAX CLAIM BUREAU, and CUMBERLAND COUNTY HOUSING REDEVELOPMENT AUTHORITY<br>      Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
APR 0 1 2016
MARIA E. ELKINS, CLERK
Per_____

**BRIEF IN OPPOSTION TO MOTION TO DISMISS OF DEFENDANTS AUTRY, CONRAD, AND CLYMER, MUSSER & CONRAD[1]**

I.    **INTRODUCTION/FACTUAL BACKGROUND**

This is a brief in opposition to the Motion to Dismiss of Defendants Autry, Conrad, and Clymer, Musser & Conrad, and the Plaintiffs incorporate the allegations of their Complaint herein as setting forth the relevant factual background. The Plaintiffs file this Brief in accordance with the March 21, 1016 Order of this Court, and note that the Court's Order does not appear to have recognized that the Plaintiffs did file a Motion for Enlargement of Time to respond to the outstanding Motions to Dismiss, and just want the Court to understand that they

---

[1] Plaintiffs have reached a settlement with the CCHRA defendants, and will soon be filing a stipulation to discontinue those claims once the agreement is consummated.

1

did not neglect to respond, and have taken all measures to proceed diligently in accordance with Court rules, out of respect for the proceedings.

At the outset, there are allegations in the Complaint that Defendant Conrad, who is a principal in the firm that represented the Plaintiffs in their 2013 trial called the police on the Plaintiff Gnana Chinniah, and attempted to have him arrested for picking up his file for use in the ongoing litigation in which the firm represented Plaintiffs. This is an absolute outrage on its face, and colors all of the claims, and provides direct and inferential support for all of the allegations against these defendants. It reflects a malicious state of mind and disposition toward the Plaintiffs, and every allegation of intentional mistreatment of them.

The Plaintiffs have additionally alleged a course of conduct that involved intentional misconduct and breach of their duties to the Plaintiffs, and coordination and cooperation with the EPT defendants by and through Underhill to interfere with their legal rights. It is more than just a professional negligence claim, as the act of attempting to have Plaintiff arrested supports, and provides the context in which all other claims are to be litigated.

The Clymer Defendants have not raised any issues as to the sufficiency of Plaintiffs' pleading of their primary claims against them, i.e., the claims for violations of their First and Fourteenth Amendment rights and for the intentional breach of their contractual and common law duties of representation, but only raise certain procedural issues, such as collateral estoppels, and the certificate of merit issue, to defeat these claims.

Plaintiffs have a right to amend their Complaint, and that the case of <u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3d Cir. 2008) this Court must afford them that opportunity to do so in the event that there are any perceived deficiencies in their pleading. Under the principles of

holding the *pro se* filings to "less stringent standards", Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); the Court should work to assure that any ignorance of law or procedure does not result in an unjust decision; and should not penalize good-faith errors. Implicit in the right of self-representation is an obligation on the part of any court to make reasonable allowances to protect *unrepresented litigants* from inadvertent forfeiture of important Rights because of any lack of formal legal training. See Traguth v. Zuck, 710 F.2d 90, 95 (2nd Cir. 1983); Hoffman v. U.S., 244 F.2d 378, 379 (9th Cir. 1957); Darr v. Burford, 339 U.S. 200 (1950).

## II. ISSUES

1. Whether collateral estoppel does not apply to any claims by Plaintiffs against the Clymer Defendants
2. Whether the Plaintiffs have set forth claims against the Clymer defendants to which Rule 1042.3 does not apply.
3. Whether the Plaintiffs have set forth a claim against Defendant Conrad for defamation.
4. Whether the Plaintiffs have set forth a claim against the Clymer Defendants for interference with their legal rights and relations.
5. Whether Plaintiffs have set forth a basis for punitive damages.

## III. ARGUMENT

### A. Collateral estoppel does not apply in this case.

The Defendants' argument on collateral estoppels is a non-starter, despite the fact that they lead with it in their brief, and attempt to give it an appearance of credibility. The issue

simply has no applicability in this case for the primary reason that the identical issue was not litigated in the Rule 60(b) motions that is brought forward in this case.

As this Court noted in its July 15, 2015 Order, the issue was whether granting "extraordinary relief" under that Rule was warranted because Defendant Autry "virtually abandoned" the Plaintiffs in their prior case in this Court. In its December 21, 2015 Opinion, the Third Circuit similarly concluded "that Autry's conduct cannot be characterized as the sort of gross negligence that amounts to having practically no representation and therefore constitutes an extraordinary circumstance warranting relief under rule 60(b)." Also, the Third Circuit suggested that the proper remedy for the claims being raised by the Plaintiffs concerning the conduct of Defendant Autry was a state law malpractice action in its March 9, 2015 Opinion.

The same issues clearly are not being litigated in this case, and, in fact, these issues were not litigated in the prior case, as the Court did not even hold any hearing, and there was no fact-finding at all in the Rule 60(b) motion. The fact that the Court went on to make the gratuitous statement that Autry diligently represented the Plaintiffs does not rise to the level of the type of factual finding as to which collateral estoppels applies, as that was not the issue being raised by the Plaintiffs, and Autry and the other Clymer Defendants were not even parties to that issue, and did not appear and even offer any argument in the matter..

There simply is no issue of collateral estoppels in this case.

**B. Certificate of Merit**

The Plaintiffs claim against the Autry and the other Clymer Defendants is not one as to which the Pennsylvania Rule 1042.3 applies, as it is not a "professional negligence" claim against these Defendants. See, Liggon-Redding v. Estate of Sugarman, 659 F.3d 258 (3d Cir.

4

2011). On the face of the Complaint, the matter involves much more than allegations that the conduct of Defendant Autry at the time of trial amounted to mere neglect, but goes much farther, and alleges an intentional course of conduct, engaged in with the Defendants and their counsel, Defendant Underhill, to deliberately cut off their rights in connection with their trial in the 2008 case in the November, 2013 trial. The issue of not offering the dozen exhibits that were essential to the Plaintiffs' case, and failing to call the seven witnesses who were identified and subpoenaed were not just isolated errors of judgment, but were part of a coordinated plan to interfere with and deny the Plaintiffs their access to justice. This is what is alleged in the Complaint.

Furthermore, there are many more circumstances at play in this case of alleged intentional, as opposed to merely negligent, misconduct. The attempt by Defendant Conrad to have the Plaintiff arrested in October, 2014 shows a mindset of hostility to the Plaintiffs, and is direct evidence of an intentional breach of their duties to the Plaintiffs with the specific goal of depriving them of access to justice. This fact colors every aspect of the claims against the Clymer Defendants, as it shows the extent to which these Defendants went to keep the Plaintiffs from pursuing their claims. The Plaintiff Gnana Chinniah was at the office to pick up his file, so the Plaintiffs could represent themselves in the continued pursuit of their claims, after Autry withdrew his appearance immediately after the trial, and after billing the Plaintiffs excessively in their hourly agreement, and this egregious beach of the basic duty to continue to act in the interest of the Plaintiffs, through an act as simple as allowing the Plaintiffs to retrieve their file is indicative of a deliberate plan to hurt and harm the Plaintiffs through the obstruction of their access to the courts. This is clearly far beyond any issue of mere professional negligence as to which Rule 1042.3 applies. Exhibit A contains the Motion that the Plaintiffs were forced to file

to get copies their trial exhibits presented to the jury during the 2013 trial due to outrageous and unprofessional conduct of Defendants Conrad and Autry who colluded with Defense Counsels.

To the extent that the claims of the Plaintiffs do involve some element of legal malpractice, the Plaintiffs submit that the acts of these Defendants are such a grave departure from any professional standard that they can be determined by a jury without the aid of any expert testimony, and fall under the provision of Rule 1042.3(a)(3). As Plaintiffs stated in their Brief filed with this Court on February 29, 2016, in Opposition to Defendants' Motion for Stay on the Discovery, as of this filing date, Defendants have not returned their case file that contains the originals of trial exhibits that were presented and not presented to the jury due to undisclosed reasons which requires referrals to appropriate investigation by the State's Disciplinary Board.

Although not alleged in detail in the Complaint, the Plaintiffs have abundant additional evidence of their claims, and, if necessary, reserve their right under <u>Phillips v. County of Allegheny</u>, to amend their Complaint as required by law to provide that allowance. As set forth in the attachment to the Brief in Opposition to Defendant Autry and Conrad's motion to stay discovery, Underhill was in contact with Autry, who had long since been off the case as counsel, and the Complaint alleges a relationship with Underhill, and that relationship was given precedence over their duty of loyalty to the Plaintiffs. As such, the Clymer Defendants were additionally involved in a pattern of retaliation under <u>Anderson v. Davila</u> and selective enforcement under <u>Desi's Pizza</u>.

### C. Claim for Defamation

The defamation claim against Defendant Conrad arises in connection with his false report to the Lancaster Police that Plaintiff Gnana Chinniah was engaged in criminal activity. In falsely

6

representing that Plaintiff was engaged in criminal activity, Defendant Conrad subjected the Plaintiff Gnana Chinniah to defamation that meets the standard of tarnishing their reputations in the community as set forth by the Pennsylvania courts. See e.g. Tucker v. Philadelphia Daily News, 838 A.2d 114 (Pa. 2004).

### D. Interference with legal relations

The allegations of the Complaint also set forth claims for the interference with the Plaintiffs' legal rights and rights arising out of their occupation and business. See Evans v. Otis Elevator, 403 Pa. 54, 417 A.2d 1248 (1979). There is a conspiracy to have done so alleged, as well.

Again, this claim is colored extensively by Defendant Conrad's calling the Lancaster Police, and attempting to have Plaintiff Gnana Chinniah arrested for retrieving his file, so the Plaintiffs could proceed to represent themselves in connection with their ongoing claims after abruptly being abandoned by Defendant Autry right after the jury returned their verdict against the Plaintiffs after the November, 2013 trial. This action is in the nature of an abuse of process and/or malicious prosecution, and a conspiracy in furtherance thereof, which are actionable under Section 1983. See Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989).

Under Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and United States v. Price, 383 U.S. 787 (1966), private persons jointly engaged in unlawful actions with public officials are state actors for purposes of Section 1983. In this case, it is alleged that the Clymer Defendants were engaged in joint action with Defendant Underhill and the EPT Defendants, who are undisputedly state actors, to deprive the Plaintiffs of their First and Fourteenth Amendment rights. The state action requirement as to the Clymer Defendants is satisfied.

The claims against the Clymer defendants also violate the Plaintiffs state law rights, as they constitute a conspiracy to interfere with the pursuit of their legal rights and relations, and legal claims through the courts. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466 (1979).

A civil conspiracy is a combination of 2 or more persons to accomplish an unlawful objective through lawful or unlawful means with the purpose of causing harm to the person injured. See Goldsteion v. Phillip Morris, Inc., 854 A.2d 585 (Pa. Super. 2004); Reading Radio, Inc. v. Fink, 833 A.2d 199 (Pa. Super. 2003); Strickland v. University of Scranton, 700 A.2d 979 (Pa. Super. 1997). It has long been the law that such conspiracies to injure an individual in the pursuit of a business or avocation are actionable. See Vanarsdale v. Laverty, 69 Pa. 103 (1871); Wildee v. McKee, 111 Pa. 35, 2 A. 108 (1886). This covers the rights of a plaintiff in connection with their property ownership and development, and their rights in connection with pending legal proceedings as well. See McGuire v. Shubert, 722 A.2d 1087 (Pa. Super. 1998); Somat v. Combs, 40 Pa. D. & C.2d 107 (1966); Owens v. Mench, 81 Pa. D. & C. 314 (1952).

### E. Punitive Damages

Punitive damages are generally available in a civil rights case, and apply when a defendant acts wantonly or oppressively, or acts with malice and mischievously and with indifference to the rights of an individual, i.e., has a guilty intention. See Smith v. Wade, 461 U.S. 30 (1983). In this case, the course of conduct suggests that standard applies to the Clymer Defendants, particularly given the act of defendant Conrad in attempting to have Plaintiff Gnana Chinniah arrested for attempting to retrieve his file for the further pursuit if his legal claims. It is clear that these Defendants have been directly involved in an oppressive course of conduct

against the Plaintiffs, and punitive damages would be an appropriate aspect of their recovery in this case.

IV. **CONCULSION**

For all of the foregoing reasons, the Motion to Dismiss of Defendants Autry, Conrad, and Clymer, Musser & Conrad must be denied, and this case should be permitted to proceed to discovery.

Respectfully Submitted,

Gnana M. Chinniah, Plaintiff

Suganthini Chinniah, Plaintiff

506 Erford Road
Camp Hill, PA 17011
Home Tel: 717 732 6273
Email: chinniahg@hotmail.com

Date: April 1, 2016