# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNANA M. CHINNIAH, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:15-CV-02240 |
| v. | |
| EAST PENNSBORO TOWNSHIP, et al., | (KANE, J.) (MEHALCHICK, M.J.) |
| Defendants. | |

## ORDER

By way of brief background, in July 2008, Plaintiffs Gnana M. Chinniah and Suganthini Chinniah, brought a 42 U.S.C § 1983 civil rights action against officials of East Pennsboro Township, alleging that they were the subject of discriminatory enforcement of the township's zoning laws (1:08-cv-1330). The case was tried before a jury with Plaintiffs represented by Attorney Joshua Autry of the Law Offices of Clymer Musser & Conrad. On November 25, 2013, the jury returned a verdict for Defendants. Plaintiffs terminated counsel and appealed *pro se*. On appeal, Plaintiffs alleged numerous errors, all ultimately rejected by the Third Circuit Court of Appeals for their "clear lack of merit." *See Gnana Chinniah, et al. v. Twp. of E. Pennsboro, et al.*, No. 14-3355 (3d Cir. April 15, 2015). Thereafter, Plaintiff attempted to reopen the judgment through a Rule 60(b)(6) motion on a theory of "virtual abandonment" of their trial counsel, which was subsequently denied and affirmed on appeal.

On November 23, 2015, Plaintiffs filed the above-captioned civil rights action in which they repeat the allegations of the unsuccessful 2008 lawsuit, and expand their allegations of discrimination to include claims against Plaintiffs' counsel and defense counsel in the 2008

lawsuit, along with officials of the Cumberland County Tax Claim Bureau and the Cumberland County Housing Redevelopment Authority.

Motions to dismiss have been filed by Defendants in this action. Specifically, Defendants Christopher Underhill and Law Offices of Hartman Underhill & Brubaker filed a motion to dismiss (Doc. 22) and brief in support of their motion (Doc. 23) on January 22, 2016; Defendants Joshua Autry, Jeffrey Conrad, and the Law Offices of Clymer Musser & Conrad filed a motion to dismiss the complaint (Doc. 36), together with a brief in support of the motion (Doc. 37) on February 12, 2016; Defendants Karen Dunkle, East Pennsboro Township, James Herzler, John Kuntzelman, and Jeffrey S. Shultz filed a motion to dismiss (Doc. 40), together with a brief in support of the motion (Doc. 41) on February 16, 2016; and Defendants Cumberland County Tax Claim Bureau and James Herzler filed a joint motion to dismiss (Doc. 43), together with a supporting brief (Doc. 44) on February 19, 2016. Pending before this Court is Defendants Joshua Autry, Jeffrey Conrad, and the Law Offices of Clymer Musser & Conrad's opposed motion to stay discovery until such time as the Court resolves the outstanding motions to dismiss. (Doc. 38).[1] Plaintiffs object to the motion to stay discovery on the basis that their claims against Joshua Autry, Jeffrey Conrad, and the Law Offices of Clymer

---

[1] Upon initial review of Defendants' motion to stay, the Court observed that Defendants submitted a defective certificate of non-concurrence in so far as Defendants noted that they did not actually confer with Plaintiffs regarding their concurrence to the motion due to their "belie[f] that Plaintiffs will not concur, and will oppose, this motion." (Doc. 38, at 3). The Court thus advised the parties that it would defer ruling on the pending motion until such time as Defendants submitted a proper certificate of non-concurrence. Defendants resubmitted their certificate of non-concurrence on March 8, 2016.

Musser & Conrad will survive a motion to dismiss, thus making Defendants' motion to stay discovery "groundless." (Doc. 48).

A district court is afforded broad discretion to stay discovery pending resolution of a dispositive motion. The exercise of that discretion is guided by the Third Circuit's acknowledgement in *Mann v. Brenner*, that:

> A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore need not be decided on its face without extensive factual development. *See Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (the purpose of Rule 12(b)(6) is to "streamline [ ] litigation by dispensing with needless discovery and factfinding); *Chudasama v. Mazda Motor Corp.,* 12 F.3d 1353, 1367 (11th Cir.1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); *Rutman Wine Co. V.E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir.1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defied common sense [because] the purpose of Fed.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

375 F. App'x 232, 239-40 (3d Cir. 2010).

The Third Circuit has recently reiterated that motions to dismiss filed under Rule 12(b)(6) should typically "'be resolved before discovery begins,'" provided, however, that the district court concludes that the dispositive motion does not appear to be groundless on its face. *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)); *see Wills v. United States*, No. 3:13-CV-1787, 2014 WL 5443083, at *2 (M.D. Pa. Oct. 24, 2014). In applying that reasoning, courts within this district have routinely stayed discovery, noting that "the likelihood that [the pending dispositive] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by this delay." *Flores v. Pennsylvania Dep't of Corr.*, No. 3:CV-12-1149, 2013 WL 2250214, at *1 (M.D. Pa. May 22, 2013). *See, e.g., Brown v. Fisher*, No. 3:CV-14-

1305, 2015 WL 1967265, at *1 (M.D. Pa. Apr. 30, 2015); *Moore v. Mann*, No. 3:CV-13-2771, 2015 WL 672444, at *1 (M.D. Pa. Feb. 17, 2015) *Stephens v. Clash*, No. 1:13-CV-712, 2013 WL 6065323, at n.11 (M.D. Pa. Nov. 18, 2013); *Jordan v. Beard*, No. 1:09-CV-2394, 2012 WL 833023, at *8 (M.D. Pa. Mar. 12, 2012); *Ball v. Hartman*, No. CIV. 1:CV-09-0844, 2010 WL 146319, at *5 (M.D. Pa. Jan. 11, 2010).

Indeed, deferring discovery for a brief period while the court determines the threshold issue of whether a complaint has potential merit as tested by a potentially dispositive motion, "recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court." *Moore v. Mann*, No. 3:CV-13-2771, 2015 WL 672444, at *1 (M.D. Pa. Feb. 17, 2015).

With these legal tenants in mind, and after having reviewed all pending motions to dismiss, the Court finds that Defendants have raised grounds that could very well dispose of many of Plaintiffs claims and streamline the issues presented in this action. *See Ball v. Oden*, No. CIV. 1:CV-09-0847, 2010 WL 598653, at *8 (M.D. Pa. Feb. 17, 2010) *aff'd*, 396 F. App'x 886 (3d Cir. 2010). Thus, the Court concludes that a brief stay of discovery pending resolution of the outstanding motions to dismiss is appropriate at this time.

Accordingly, there being no present need for discovery at this early stage of the proceedings, and there being no prejudice in delaying discovery pending resolution of the motion to dismiss, **IT IS HEREBY ORDERED** that Defendants' motion (Doc. 38), is **GRANTED**. Moreover, in consideration of Plaintiffs having filed briefs in opposition to all pending motions to dismiss in accordance with the Court's March 21, 2016 Order, it is

**FURTHER ORDERED** that Plaintiffs' pending motion for an extension of time to file a brief in opposition to the motion to dismiss filed by Defendants Joshua Autry, Jeffrey Conrad, and the Law Offices of Clymer Musser & Conrad (Doc. 45), is **DENIED AS MOOT**.

**Dated:** April 11, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**